## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **RACHAEL STANISLAWSKI** (f/k/a Rachael Fowler), an individual, | **CIVIL ACTION** |
| Plaintiff, | **Case No.  2:19-cv-504** |
| v. | **Judge:** |
| **ADVANCED PAIN MANAGEMENT SPECIALISTS, P.A.**, a Florida professional association, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **RACHAEL STANISLAWSKI** ("**STANISLAWSKI**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), Family & Medical Leave Act (FMLA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) unlawful pregnancy discrimination in violation of the Pregnancy Discrimination Act (PDA), which amended Title VII), (2) unlawful pregnancy discrimination in violation of the FCRA, (3) unlawful retaliation in violation of Title VII, (4) unlawful retaliation in violation of the FCRA, (5) interference in violation of the FMLA, and (6) retaliation in violation of the FMLA.

## PARTIES

2.      The Plaintiff, **RACHAEL STANISLAWSKI** ("**STANISLAWSKI**") is an individual and a resident of Florida who currently resides in Lee County, Florida and was employed as a receptionist by the Defendant.

1

3.      Defendant, **ADVANCED PAIN MANAGEMENT SPECIALISTS, INC.** ("Defendant") is a Florida corporation with a principal place of business located at 8255 College Parkway, Suite 200, Fort Myers, Florida 33919. The Defendant employed **STANISLAWSKI**.

4.      At all material times, the Defendant employed greater than fifty (50) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over **STANISLAWSKI**'s state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

8.      **STANISLAWSKI** timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC")(Charge #846-2017-06404), dual filed with the Florida Commission on Human Relations (FCHR). The Charge of Discrimination has been pending with the EEOC for more than 2-years. Since April 20, 2018, **STANISLAWSKI** has been requesting the EEOC issue her a Notice of Right to Sue but the EEOC has failed to do so, despite the Charge having been pending for well in excess of the requisite 180-days. Consequently, **STANISLAWSKI** avers that she has exhausted her administrative remedies and the EEOC's failure to act in a timely manner justifies waiving the requirement of a right-to-sue letter in this case.

2

**GENERAL ALLEGATIONS**

9.     **STANISLAWSKI** was hired by the Defendant in April 2015 as a receptionist.

10.     **STANISLAWSKI** always performed her assigned duties in a professional manner and was very well qualified for her position.

11.     In January 2016, **STANISLAWSKI** discovered that she was pregnant. Her expected due date was October 22, 2016.

12.     **STANISLAWSKI** promptly advised her supervisor with the Defendant that she was pregnant.

13.     Immediately upon advising of her pregnancy, her supervisor reacted negatively and began quizzing **STANISLAWSKI** as to her ability to continue her job duties.

14.     **STANISLAWSKI** advised her supervisor that there was no known issue with her being able to continue her employment with the Defendant due to her pregnancy but that she would need FMLA leave brief time off to attend prenatal appointments.

15.     On July 27, 2016, **STANISLAWSKI**'s physician completed a FMLA medical certification which stated that **STANISLAWSKI** was due to be out of work on FMLA leave for 12-weeks beginning on October 22, 2016. A copy was sent to the Defendant.

16.     However, as a result of preterm labor risks, **STANISLAWSKI** was placed on FMLA leave, which began on or about August 15, 2016 and was to run for 12-weeks.

17.     **STANISLAWSKI** was placed on preterm labor precautions for which her physician ordered her to be on bedrest.

18.     On October 16, 2016, **STANISLAWSKI** gave birth.

19. On or about October 19, 2016, the Defendant terminated **STANISLAWSKI** and claimed that she had exhausted her FMLA leave, which she had not as her FMLA would have expired on November 7, 2016.

20. The Defendant's stated reason for terminating **STANISLAWSKI** was directed to **STANISLAWSKI** because of her pregnancy, but not those outside of her protected classes.

21. The Defendant refused to grant **STANISLAWSKI** reasonable accommodations in the form of brief time off to attend medical appointments that were crucial for **STANISLAWSKI**'s life and the life of **STANISLAWSKI**'s fetus, which violated the Defendants' own policy.

22. The Defendant disciplined and terminated **STANISLAWSKI** as a result of **STANISLAWSKI**'s need for reasonable accommodation, which stemmed from her pregnancy, and which violated the Defendant's own policy.

23. The Defendant's tangible, adverse employment actions were causally connected to **STANISLAWSKI**'s pregnancy.

24. After **STANISLAWSKI** was separated from employment, her employment position with the Defendants remained open and/or was filled by similarly qualified employees outside of the protected class.

25. The Defendant intentionally and systematically discriminated against **STANISLAWSKI** by using her pregnancy as the substantial or motivating factor in the Defendant's decision not to continue **STANISLAWSKI**'s employment and terminating her.

26. The Defendant intentionally and systematically discriminated against **STANISLAWSKI** by using standards, criteria and methods of administration that have the effect of discriminating on the basis of pregnancy.

4

27.     The Defendant's decision to terminate **STANISLAWSKI**'s employment violated **STANISLAWSKI**'s rights under the PDA, FMLA and FCRA.

## COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)

28.     Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

29.     At all material times, **STANISLAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

30.     **STANISLAWSKI** asked for an accommodation with regard to attending medical appointments as a result of her pregnancy.

31.     The Defendant intentionally discriminated against **STANISLAWSKI** because she was pregnant with regard to the terms and conditions of her employment by denying her help or an accommodation for her medical appointments, whereas other similarly situated non-pregnant employees were given brief leave to accommodate their physical incapacity.

32.     The Defendant's employment and disciplinary policies were applied differently to **STANISLAWSKI** because of her pregnancy.

33.     The Defendant intentionally discriminated against **STANISLAWSKI** by discharging her because she was pregnant.

34.     The Defendant acted with malice or reckless indifference to the civil rights of **STANISLAWSKI**.

35.     The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages,

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## <u>COUNT II – VIOLATION OF THE FCRA</u>

36.     Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

37.     The FCRA prohibits discrimination on the basis of pregnancy and discrimination based on pregnancy is an "unlawful employment practice" under the FCRA.

38.     At all material times, **STANISLAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

39.     **STANISLAWSKI** asked for an accommodation with regard to attending medical appointments as a result of her pregnancy.

40.     The Defendant intentionally discriminated against **STANISLAWSKI** because she was pregnant with regard to the terms and conditions of her employment by denying her help or an accommodation for her medical appointments, whereas other similarly situated non-pregnant employees were given brief leave to accommodate their physical incapacity.

41.     The Defendant's employment and disciplinary policies were applied differently to **STANISLAWSKI** because of her pregnancy.

42.     The Defendant intentionally discriminated against **STANISLAWSKI** by discharging her because she was pregnant.

43.     The Defendant acted with malice or reckless indifference to the civil rights of **STANISLAWSKI**.

44.     The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages,

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII- RETALIATION

45.     Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

46.     At all material times, **STANISLAWSKI** was a pregnant person and, as such, was a member of a protected class.

47.     At all material times, **STANISLAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

48.     **STANISLAWSKI** was qualified for the positions that she held with the Defendant.

49.     Following **STANISLAWSKI**'s repeated requests for leave related to her pregnancy, the Defendant retaliated by altering the terms and conditions of her employment and terminating **STANISLAWSKI**'s employment.

50.     **STANISLAWSKI** was subjected to greater scrutiny than those similarly situated and was targeted for termination after requesting reasonable accommodation of leave related to her pregnancy.

51.     **STANISLAWSKI**'s requests constitute a protected activity because her complaints were concerning an enforcement of her rights under the PDA.

52.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **STANISLAWSKI** including discipline and ultimately termination.

53.     Instead of granting reasonable accommodations, the Defendant retaliated against **STANISLAWSKI** via discipline, and termination.

54.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Title VII.

55.      As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **STANISLAWSKI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

56.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **STANISLAWSKI** is entitled to all relief necessary to make her whole as provided for under Title VII.

57.     As a direct and proximate result of the Defendants' actions, **STANISLAWSKI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

58.     **STANISLAWSKI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position

with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.   Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Punitive damages; and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

59.   Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

60.   At all material times, **STANISLAWSKI** was a pregnant person and, as such, was a member of a protected class.

61.   At all material times, **STANISLAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of FCRA.

62.   **STANISLAWSKI** was qualified for the positions that she held with the Defendant.

63.   Following **STANISLAWSKI**'s repeated requests for leave related to her pregnancy, the Defendant retaliated by altering the terms and conditions of her employment and terminating **STANISLAWSKI**'s employment.

10

64.     **STANISLAWSKI** was subjected to greater scrutiny than those similarly situated and was targeted for termination after requesting reasonable accommodation of leave related to her pregnancy.

65.     **STANISLAWSKI**'s requests constitute a protected activity because her complaints were concerning an enforcement of her rights under the FCRA.

66.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **STANISLAWSKI** including discipline and ultimately termination.

67.     Instead of granting reasonable accommodations, the Defendant retaliated against **STANISLAWSKI** via discipline, and termination.

68.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

69.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **STANISLAWSKI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

70.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **STANISLAWSKI** is entitled to all relief necessary to make her whole as provided for under the FCRA.

71.     As a direct and proximate result of the Defendant's actions, **STANISLAWSKI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72.     **STANISLAWSKI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Leave to seek punitive damages; and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")-INTERFERENCE

73.     The Plaintiff hereby incorporates by reference Paragraphs 1-27 in this Count by reference as though fully set forth below.

74.   **STANISLAWSKI** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself (and her unborn fetus) began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

75.   **STANISLAWSKI** informed the Defendant of her likely need for leave for her own serious health condition.

76.   The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

77.   If the Defendant were to have decided that **STANISLAWSKI**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

78.   The Defendant has never provided **STANISLAWSKI** with any notice disqualifying her FMLA leave.

79.   In fact, the Defendant determined that **STANISLAWSKI** was eligible for leave under the FMLA and yet refused to allow her to take all of her leave and return her to work, thus terminating her employment because of her federally protected medical leave.

80.   **STANISLAWSKI** engaged in activity protected by the FMLA when she informed the Defendant of her need leave due to her serious health condition, consistently informing the Defendant of the same.

81.     The Defendant knew, or should have known, that **STANISLAWSKI** was exercising her rights under the FMLA and was aware of **STANISLAWSKI** 's need for FMLA-protected absence.

82.     **STANISLAWSKI** complied with all of the notice and due diligence requirements of the FMLA.

83.     The Defendant was obligated, but failed, to grant leave and return **STANISLAWSKI**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

84.     A causal connection exists between **STANISLAWSKI**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **STANISLAWSKI** a benefit to which she was entitled under the FMLA.

85.     As a result of the above-described violations of FMLA, **STANISLAWSKI** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT VI – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

86. The Plaintiff hereby incorporates by reference Paragraphs 1-27 and 74-84 in this Count by reference as though fully set forth below.

87. **STANISLAWSKI** informed the Defendant of her likely need for leave for her own serious health condition.

88. **STANISLAWSKI** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the Defendant of the same.

89. The Defendant knew, or should have known, that **STANISLAWSKI** was exercising her rights under the FMLA and was aware of **STANISLAWSKI**'s need for FMLA-protected absence.

90. A causal connection exists between **STANISLAWSKI**'s request for FMLA-protected leave and her termination from employment with the Defendant because **STANISLAWSKI** engaged in statutorily protected activity by requesting, and taking, FMLA leave.

91. The Defendant retaliated by altering the terms and conditions of **STANISLAWSKI**'s employment by refusing to grant her leave and return her to work, thereby terminating **STANISLAWSKI**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave.

92. The Defendant terminated **STANISLAWSKI** because **STANISLAWSKI** requested FMLA leave and terminated her because she engaged in this statutorily protected activity.

15

93.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **STANISLAWSKI**'s employment because she engaged in activity protected by the FMLA.

94.     As a result of the above-described violations of FMLA, **STANISLAWSKI** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **RACHAEL STANISLAWSKI**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: July 18, 2019          **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Trial Counsel for Plaintiff
                              Yormak Employment & Disability Law
                              9990 Coconut Road
                              Bonita Springs, Florida 34135
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com